776 S.E.2d 748

## Re VIDEOCONFERENCING APPROVAL IN GENERAL SESSIONS COURTS FOR the SIXTH JUDICIAL CIRCUIT.

Supreme Court of South Carolina.

Sept. 2, 2015.

## ORDER

I FIND THAT the use of videoconferencing enhances the efficiency and security in courtroom proceedings, while maintaining the constitutional rights of the defendants. The Courts of General Sessions of the Sixth Judicial Circuit have submitted a proposed procedure for videoconferencing in that court. The purpose of this Order is to set forth procedures to be used in the Courts of General Sessions for the Sixth Judicial Circuit for initial appearances, bond hearings, probation revocations, contested motions, and acceptance of guilty pleas and sentencing when the Defendant is not present in the Courtroom, but will appear at the hearing by videoconference. Pursuant to the provisions of Section 4, Article V, South Carolina Constitution,

IT IS ORDERED that the following procedures are approved for use in the Courts of General Sessions for the Sixth Judicial Circuit for initial appearances, bond hearings, probation revocations, contested motions, and acceptance of guilty pleas and sentencing.

1. No videoconference proceeding may take place in the Sixth Judicial Circuit unless the Defendant consents in writing and orally on the record to appear at the hearing by videoconference, rather than in person. De-

fendant must be represented by counsel, who must be present in the courtroom, and counsel must consent to the appearance of the Defendant by videoconference. Defense counsel's participation in the hearing is sufficient to show his or her consent. The circuit court judge must verify written and oral waiver of Defendant's right to personal appearance at the commencement of any hearing.

2. A video camera and a display monitor shall be present at the location of the Defendant, and in the courtroom. The Defendant shall remain on camera at all times and the Defendant's image shall be on display in the courtroom at all times during the hearing. There shall be a minimum of one camera in the courtroom continuously transmitting the proceeding to the Defendant, which shall be controlled by Court personnel and capable of showing the judge or any other person speaking during the proceeding.

3. There shall be a constant audio connection so as to allow all parties involved to hear everything said at both locations. However, a private telephone line must be available so that the Defendant and Defense Counsel may communicate confidentially.

4. There shall be fax machines present in the courtroom and at the Defendant's location capable at all times of transmitting documents back and forth. The Defendant's signature on and documents may be made at the Defendant's location, and faxed to the courtroom. The e-mailing of scanned copies of documents also meets the requirements of this provision. Ultimately, actual signed copies of all documents must be filed with the Court.

5. A court reporter must be present in the courtroom throughout any hearing in order to preserve the official record of the hearing.

6. The hearing shall be videotaped. A copy of the videotape of the hearing shall be made available to the Defendant or prosecutor upon written request, provided such request is received by the court within 30 days of the date of the hearing. Unless otherwise ordered, the

original videotape may be destroyed 30 days after the date of the hearing.

This Order is effective immediately and remains in effect until revoked or amended by Order of the Chief Justice.

s/Jean H. Toal
Jean H. Toal
Chief Justice of South Carolina